**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| KEVIN CLAY, | : | Case No. 3:24-cv-00010 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| GATEWAY FINANCIAL | : | |
| SOLUTIONS, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION

Plaintiff Kevin Clay, an Ohio resident who is proceeding *in forma pauperis* and without the assistance of counsel, filed this lawsuit against Defendant Gateway Financial Solutions. Pursuant to 28 U.S.C. § 636(b) and this Court's General Order Dayton No. 22-01, this matter was referred to the undersigned Magistrate Judge for an initial screen of Plaintiff's Complaint (Doc. No. 1-1) as required by 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the undersigned recommends that the District Judge **DISMISS** the Complaint in its entirety.

## I. LEGAL STANDARDS

### A. Initial Screen

By separate order, Plaintiff was granted permission to proceed *in forma pauperis*, or without paying a filing fee. (Doc. No. 2.) Congress has recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant,

1

lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal citation omitted). To prevent such abusive litigation, Congress has authorized this Court to dismiss *in forma pauperis* complaints that are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if the asserted claims lack a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim has no arguable basis in law if it is based on a legal interest that clearly does not exist or if the defendant is immune from suit. *Neitzke*, 490 U.S. at 327. A claim has no arguable basis in fact if the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true allegations that are "fantastic or delusional" when reviewing a complaint for frivolity. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). Nevertheless, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 (applying

the *Iqbal* and *Twombly* standards to dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93.

### B. Subject-Matter Jurisdiction

In addition to its review under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and 28 U.S.C. § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction exists when a plaintiff's claim "aris[es] under the federal laws or the Constitution." *Id.* A federal court has diversity jurisdiction where: 1) the amount in controversy exceeds $75,000; and 2)

3

there is complete diversity (which means that each plaintiff is a citizen of a different state than each defendant). 28 U.S.C. § 1332(a)(1).

## II. STATEMENT OF FACTS

The following facts are taken from the allegations in Plaintiff's Complaint and the Dayton Municipal Court online docket for *GFS II, LLC dba Gateway Financial Solutions v. Kevin Clay*, No. 2021-CVF-000826 (filed February 23, 2021).

On an unspecified date, Plaintiff entered into a contract with Defendant Gateway Financial Solutions. (Complaint, Doc. No. 1-1, PageID 6.) Under that contract, Defendant agreed to finance Plaintiff's purchase of a used car from a third-party dealership. (*Id*.)

Plaintiff states that, within forty-five days of purchasing the car, its transmission failed three times. (Doc. No. 1-1, PageID 6.) Plaintiff advised Defendant of the problems with the car. (*Id*.) While the car was inoperable, Plaintiff was required to pay for alternate transportation. (*Id*.) After eighteen months, Plaintiff "informed [D]efendant that [the] car was a lemon car and would not last the length of the contract." (*Id*.) Nevertheless, "Defendant would not agree to refinance [the] contract." (*Id*.)

Plaintiff returned the car to the dealership where he originally purchased it and notified Defendant of that fact. (Doc. No. 1-1, PageID 6.) The dealership told Plaintiff to move the vehicle off of its property. (*Id*.) The car was never repossessed. (*Id*.)

Plaintiff alleges that "[a]fter months of harassing calls, text[s], emails, and letters," Defendant sued Plaintiff in Dayton Municipal Court. (Doc. No. 1-1, PageID 6.) The online docket shows that Defendant was awarded judgment in the amount of $6,000.00 plus interest at 3% per annum. After the judgment was entered, Defendant garnished

4

Plaintiff's wages from several employers. The online docket states that the amount currently due is $7,715.94. The case status is "Judgment," rather than "Satisfied" or "Closed." The most recent docket entry, on December 13, 2023, shows that the Court paid Defendant's attorney in that case $460.28 from the last garnishment shown.

Plaintiff argues that Defendant's claim in the state-court lawsuit should not have succeeded because it violated an arbitration clause in the contract. (Doc. No. 1-1, PageID 6.) Plaintiff also filed complaints for racial discrimination with the Ohio Civil Rights Commission and the Consumer Financial Protection Board. (*Id.*) When those complaints were unsuccessful, Plaintiff filed this lawsuit. (*Id.*)

Plaintiff seeks to sue Defendant for racial discrimination, violation of the "Federal Consumer Protection Act," and a "systematic practice of Predatory Lending" that has a racially discriminatory impact. Plaintiff seeks "to be made whole through compensation for Defendant's breach of contract." (Doc. No. 1-1, PageID 7.) Plaintiff's Civil Cover Sheet also lists the causes of action as "Title IX of the Civil Rights Act of 1964 [and] 42 U.S.C. [sic]." (Doc. No. 1-4, PageID 12.)

In his request for relief, Plaintiff seeks "to be made whole through compensation for Defendant's breach of contract." (Doc. No. 1-1, PageID 7.) On the Civil Cover Sheet, Plaintiff seeks an award of damages in the amount of $75,000. (Doc. No. 1-4, PageID 12.) Plaintiff also seeks an "immediate injunction to stop garnishment of wages, a garnishment that was administered by false and misleading action from [D]efendant." (Doc. No. 1-1, PageID 8.)

## III.    LAW AND ANALYSIS

The undersigned concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore recommends that it be dismissed. First, this Court lacks the authority to review and reverse the Dayton Municipal Court's judgment against Plaintiff. Second, Plaintiff has not stated a plausible claim for relief based upon one or more violations of the United States Constitution or federal laws. Third, because Plaintiff has not plausibly alleged that the amount in controversy exceeds $75,000, this Court lacks diversity jurisdiction over Plaintiff's state-law claim for breach of contract.[1]

### A.    This Federal Court Cannot Overturn Decisions of the Dayton Municipal Court.

Although Plaintiff wants this Court to review and reverse the Dayton Municipal Court's judgment against him, this federal district court cannot grant such relief. The Dayton Municipal Court has entered its orders, and this federal Court lacks the authority to review and reverse those orders. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts."). Only the United States Supreme Court can hear appeals from the highest state courts. 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court.").

---

[1] Although Plaintiff's state-law claim for breach of contract may also be barred under the doctrines of res judicata and collateral estoppel, the Court will not address those issues given its lack of subject-matter jurisdiction and the procedural posture of this case.

6

This Court also cannot *indirectly* invalidate the Dayton Municipal Court's orders. Under what is called the *Rooker-Feldman* doctrine, district courts are not allowed to hear cases filed by litigants who have lost in state court and who "complain of injuries caused by the earlier state-court judgments." *Exxon Mobil*, 544 U.S. at 284 (cleaned up). A plaintiff cannot avoid this jurisdictional problem "by couching [her] claims . . . in terms of a civil rights action." *Smith v. Lawrence Cnty. Sheriff's Dep't.*, 84 F. App'x 562, 563 (6th Cir. 2003).

### B.  Plaintiff Has Not Asserted Plausible Federal Claims.

Generally, this Court must either have federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332 to hear and decide a civil lawsuit. The Court will first consider whether it has federal question jurisdiction, that is, whether Plaintiff asserts claims under federal laws or the U.S. Constitution.

Although Plaintiff cites to Title 42 of the United States Code, he fails to specify any particular section. (Doc. No. 1-4, PageID 12.) Nevertheless, because Plaintiff appears to allege racial discrimination in relation to a contract, the undersigned will construe Plaintiff's Complaint as asserting a claim for relief under 42 U.S.C. § 1981 ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts[.]").

A plaintiff suing under Section 1981 "must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Here, Plaintiff's only allegations with respect to race are that "through

7

[d]iscovery [he] will establish a prima facie case of [r]acial [d]iscrimination" and that Defendant "target[s] bad credit lenders, steering them toward [h]igh[-]interest used car loans (typically and historically People of Color . . . )." (Doc. No. 1-1, PageID 7.)

These allegations are insufficient to state a claim for relief under Section 1981. As an initial matter, Plaintiff has not pled the race of any party. He also has not identified any "legally protected right" that was lost. And finally, he has not pled that race was a but-for cause of such a loss. Therefore, to the extent that Plaintiff's Complaint can be construed as setting forth a claim under 42 U.S.C. § 1981, Plaintiff has failed to "plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff also alleges violations of the "Federal Consumer Protection Act." (Doc. No. 1-1, PageID 7.) However, no such statute exists. *See Evans v. Green Tree Servicing LLC*, No. 2:16-CV-00067, 2017 U.S. Dist. LEXIS 96550, at *5 (M.D. Tenn. June 22, 2017). While Plaintiff's pleadings are entitled to liberal construction, his Complaint must still adhere to "basic pleading essentials," and the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Instead, Plaintiff's Complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A claim under the non-existent "Federal Consumer Protection Act" fails to meet this standard.

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED**.

8

**C.      This Court Lacks Jurisdiction Over Plaintiff's State-Law Claim.**

Plaintiff also asserts a state-law claim for breach of contract. (Complaint, Doc. 1-1, PageID 6-8.)  To have diversity jurisdiction over Plaintiff's state-law claim, the amount in controversy must exceed $75,000 and the citizenship of the parties must be completely diverse. 28 U.S.C. § 1332(a). Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, the Court should not defer to the sum demanded by Plaintiff in the Complaint if "it appears to a legal certainty that the claim is less for the jurisdictional amount." *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983).

In his Complaint, Plaintiff seeks exactly $75,000.00. (Doc. No. 1-4, PageID 12.) But the current amount due in the Dayton Municipal Court case totals only $7,715.94. *GFS II LLC v. Kevin Clay*, No. 2021-CVF-000826 (Dayton Mun. Ct. 2021). *See Atkins v. Propst*, 2023 WL 2658852, at *2 (5th Cir. March 28, 2023) ("[A] district court is allowed to take judicial notice of public documents to *sua sponte* consider whether diversity jurisdiction exists." (internal citation omitted)); *Hancock v. Miller*, 852 F. App'x 914, 918-19 (6th Cir. 2021) ("[Federal] courts take notice of developments in related proceedings in other courts of record." (internal citation omitted)). It therefore appears to a legal certainty that Plaintiff cannot recover $75,000 for the alleged breach of contract.

Moreover, even if the Court were to defer to Plaintiff's claim that the amount in controversy is $75,000.00, the jurisdictional amount would still not be satisfied. Under 28 U.S.C. § 1332, this Court has diversity jurisdiction over a claim only if the amount in controversy "***exceeds*** the sum or value of $75,000" (emphasis added). Plaintiff's claim

9

for **exactly** $75,000.00 falls short. *See Freeland v. Liberty Mut. Fire. Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (explaining that when the amount in controversy is exactly $75,000, it is "exactly one penny short of the jurisdictional minimum").

This Court also lacks diversity jurisdiction because Plaintiff has failed to plead complete diversity. As the party invoking federal jurisdiction, Plaintiff bears the burden of "fully alleg[ing] the citizenship of each party." *Akno 1010 Mkt. St. St. Louis Misscouri LLC v. Nahid Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). A plaintiff satisfies this burden only if the complaint establishes complete diversity **on its face**. *See Corner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (plaintiff "must plead upon the face of his complaint facts either giving rise to diversity jurisdiction or stating a federal question"); *Carpenter v. Leonard*, No. 84-03261, 2021 U.S. App. LEXIS 34770, at *3 (6th Cir. 1986) ("Federal jurisdiction must be determined from the face of the complaint.").

In this case, the Complaint does not state the citizenship of either party. Instead, Plaintiff merely lists addresses for himself and Defendant. (Complaint, Doc. 1-1, PageID 4-5.) But for purposes of diversity jurisdiction, citizenship is not synonymous with address. To establish his own citizenship as a natural person, Plaintiff "must show more than mere . . . residence. He must show . . . domicile," *Deasy v. Louisville & Jefferson Co. Metro. Sewer Dist.*, 47 F. Appx. 726, 728 (6th Cir. 2002), which requires "intent to remain." *Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016). And to establish Defendant's citizenship as a corporate entity, Plaintiff must plead "every State and foreign state by which [Defendant] has been incorporated," as well as the location of Defendant's "principal place of business." 28 U.S.C. § 1332(c)(1). *See*

10

*also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Because Plaintiff has alleged none of these facts, he has not shown that the citizenship of the parties is completely diverse.

Finally, the undersigned recognizes that this Court may sometimes exercise supplemental jurisdiction over state-law claims, which applies to state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But "[o]rdinarily, where all federal claims have been dismissed, federal courts should decline to exercise supplemental jurisdiction over state law claims." *Reynosa v. Schultz*, 282 F. App'x 386, 391 (6th Cir. 2008). Here, the undersigned has recommended that Plaintiff's federal claims be dismissed.

Accordingly, because this Court lacks diversity jurisdiction over Plaintiff's state-law claim and should decline to exercise supplemental jurisdiction, the undersigned **RECOMMENDS** that Plaintiff's state-law claims be dismissed.

## II.    CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS**:

1.  That Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and Federal Rule of Civil Procedure 12(h)(3).

2.  That, pursuant to 28 U.S.C. § 1915(a)(3), the Court certify that, for the reasons set forth herein, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

11

**IT IS SO RECOMMENDED.**

                           */s/ Caroline H. Gentry*
                           Caroline H. Gentry
                           United States Magistrate Judge

## <u>Notice of Procedure on Objections</u>

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).